[No. 30. Second Appellate District.—July 1, 1905.]

H. F. PETERS, Respondent, v. C. W. GEORGE, Appellant.

ACTION UPON CONTRACT FOR PLAINTIFF'S BENEFIT—SALE BY WIDOW AND HEIR—AGREEMENT AS TO PAYMENT.—In so far as a contract for the payment of a certain sum as the price of property sold by the widow and sole heir at law of her deceased husband to the defendant, in excess of a sum paid to the defendant, was made expressly for the benefit of the plaintiff as a creditor of the estate, to whom defendant agreed that it should be paid, the contract is enforceable by the plaintiff.

ID.—TIME OF PAYMENT.—No time for performance of the contract of sale being specified therein, the money was payable immediately.

ID.—RELEASE OF ESTATE IMMATERIAL.—It being no part of the contract that the payment to the plaintiff was to depend upon a release of the estate from his claim as a creditor thereof, it is immaterial whether he executed such release or established it by proof.

ID.—STATUTE OF FRAUDS.—The statute of frauds is inapplicable to the agreement of defendant to pay the plaintiff a part of the price of the property sold.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

E. J. Emmons, and S. G. Edwards, for Appellant.

The plaintiff was required to prove a release of the estate. (*Gyle* v. *Shoenbar,* 23 Cal. 538.) The agreement was within

the statute of frauds as an agreement to transfer the debt of another.

Reardan & Whitaker, for Respondent.

There was no contract for a release. There is no difference between payment to A and to A's order, or to a creditor agreed to be paid. (*Wellington* v. *Sedgwick,* 12 Cal. 475.) The statute of frauds is inapplicable. The defendant was paying his own debt for purchase money. (*Meyer* v. *Parsons,* 129 Cal. 656, 62 Pac. 216.)

ALLEN, J.—The complaint alleges, and the court finds, that one May Webb, as the widow and sole heir at law of Birt Webb, sold certain property inherited by her from the estate of her husband to defendant for the sum of four hundred and fifty dollars, of which amount one hundred dollars was paid to the said May Webb, and the remainder was by defendant agreed to be paid to the plaintiff, who was then a creditor of the estate of Birt Webb. Judgment went for plaintiff, and defendant appeals from the judgment.

No time for the performance being specified, the money was payable immediately. (Civ. Code, sec. 1657.) The con-· tract as to the excess above one hundred dollars was made expressly for the benefit of the plaintiff, and is enforceable by him. (Civ. Code, sec. 1559.) It is immaterial whether he executed or established by proof his release of the estate on account of previous indebtedness. Such release was not a subject of the contract, nor was the payment to plaintiff dependent thereon. The statute of frauds was not involved.

Judgment ordered affirmed.

Gray, P. J., and Smith, J., concurred.